**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CODY JOHNSON                                    CIVIL ACTION

VERSUS                                          NO. 26-1173

DEPARTMENT OF CORRECTIONS &                     SECTION "P"(3)
PUBLIC SAFETY ET AL.

**ORDER AND REASONS**

Plaintiff, Cody Johnson, submitted for filing this *pro se* complaint under 42 U.S.C. § 1983. In this lawsuit, he alleges that he was raped and sexually abused while serving his sentence at the Madison Parish Correction Center.

Federal law provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, the defendants are not alleged to reside in the Eastern District of Louisiana. Further, no part of the events or omissions giving rise to plaintiff's claims occurred within this district. Those events or omissions allegedly occurred in Madison Parish, which is within the geographical boundaries of the

1

United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the Western District of Louisiana, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

Accordingly,

**IT IS ORDERED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this 3rd day of June, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

2